UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

| Case No. | CV 12-5940 DSF (JCGx) | Date | 7/31/12 |
|---|---|---|---|
| Title | Margarita Becerra v Federal Insurance Company, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order Remanding Action for Lack of Subject Matter Jurisdiction.

On July 10, 2012, Defendant Federal Insurance Company removed this action from the Superior Court of the State of California, County of Los Angeles.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  Suits filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."  Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).

Defendant asserts federal subject matter jurisdiction under 28 U.S.C. § 1332, also known as diversity jurisdiction.  (Notice of Removal ¶ 4.)  Federal courts have diversity jurisdiction over all civil actions in which (1) the amount in controversy exceeds $75,000 and (2) there is complete diversity of citizenship between the opposing parties. 28 U.S.C. § 1332(a).  Defendant has failed to establish that either requirement is met.

Plaintiff alleges that the amount in controversy is "below the jurisdictional minimum of the federal courts in diversity actions." (First Amended Complaint (FAC) ¶¶ 12, 17).  In general, where a plaintiff expressly states that the amount in controversy is *less* than the jurisdictional minimum, the defendant must show to a legal certainty – instead of by a preponderance of the evidence – that the amount in controversy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

JS 6

requirement is met. Lowdermilk v. U.S. Bank N.A., 479 F.3d 994, 1000 (9th Cir. 2007) (applying this standard in the Class Action Fairness Act (CAFA) context). Defendant has failed to meet either standard. Defendant relies on the fact that Plaintiff made an offer of compromise in the amount of $75,000, and argues that the offer is indicative of a larger sum being at issue. (Notice of Removal ¶ 10.) This is insufficient, and Defendant offers no other countervailing evidence and makes no attempt to provide evidence that damages or attorney's fees in similar cases exceed $75,000.

      Defendant also fails to establish complete diversity. Defendant does not dispute that Plaintiff and Defendant Kimberly Hill are both citizens of California. (Id. ¶ 2.) However, Defendant argues that Hill's citizenship should be disregarded because the allegations against Hill that were present in Plaintiff's original Complaint were removed from the FAC. (Id. ¶ 3.) The citizenship of a named party can only be disregarded if the defendant establishes fraudulent joinder – i.e., that there is no possibility that the plaintiff will be able to establish a cause of action against the alleged sham defendant. See Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009). Defendant does not claim that Hill is no longer a party or that it is impossible for Plaintiff to state a claim against her. Even if the current pleadings do not sufficiently state a claim against Hill (an issue the Court need not decide) does not establish that she was fraudulently joined.

      Because Defendant has failed to show that either the amount in controversy or the complete diversity requirement is satisfied, Defendant has failed to establish the existence of subject matter jurisdiction. The action is remanded to the California Superior Court, Los Angeles County.

      IT IS SO ORDERED.